UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CASSANDRA R., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 23-10824 <br> Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT
(ECF NOS. 12, 14)**

**A.**

Plaintiff Cassandra R. appeals the final decision of defendant Commissioner of Social Security (Commissioner), which denied her application for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act. Both parties consented to this Court conducting all proceedings under 28 U.S.C. § 636(c) and then moved for summary judgment. ECF No. 12; ECF No. 14.

The parties agree that the Court should remand this case. But while plaintiff moves for remand for an award of benefits, the Commissioner

requests that the remand be for further consideration. The Court agrees with plaintiff and will remand this matter for an award of benefits.

**B.**

Plaintiff was born in January 1971, and is 53 years old. She applied for disability benefits in March and April 2017, claiming an onset date of December 29, 2015. Plaintiff's later application for benefits was granted, so the period now at issue is from December 29, 2015 to January 20, 2021.

After a December 2022 hearing, the administrative law judge (ALJ) found that plaintiff's severe impairments were "degenerative disc disease of the lumbar and cervical spine, joint arthropathy, fibromyalgia, carpal tunnel syndrome, cardiomyopathy, and hypertension." ECF No. 6-1, PageID.746. When finding that plaintiff could perform a limited range of sedentary work despite those severe impairments, the ALJ gave no weight to Allan Duby, M.D.'s testimony that plaintiff's limitations equaled Listings 1.15 and 12.09 and gave little weight to Dr. Duby's testimony about plaintiff's functional limitations. *Id.*, PageID.749, 759, 793-798. The parties agree that the ALJ erred in evaluating Dr. Duby's opinion. ECF No. 12; ECF No. 14.

But resisting plaintiff's request for a remand with an award of benefits, the Commissioner believes, "The matter should be remanded for [1)] further evaluation of Dr. Duby's opinion; 2) further evaluation of Plaintiff's

requests that the remand be for further consideration. The Court agrees with plaintiff and will remand this matter for an award of benefits.

**B.**

Plaintiff was born in January 1971, and is 53 years old. She applied for disability benefits in March and April 2017, claiming an onset date of December 29, 2015. Plaintiff's later application for benefits was granted, so the period now at issue is from December 29, 2015 to January 20, 2021.

After a December 2022 hearing, the administrative law judge (ALJ) found that plaintiff's severe impairments were "degenerative disc disease of the lumbar and cervical spine, joint arthropathy, fibromyalgia, carpal tunnel syndrome, cardiomyopathy, and hypertension." ECF No. 6-1, PageID.746. When finding that plaintiff could perform a limited range of sedentary work despite those severe impairments, the ALJ gave no weight to Allan Duby, M.D.'s testimony that plaintiff's limitations equaled Listings 1.15 and 12.09 and gave little weight to Dr. Duby's testimony about plaintiff's functional limitations. *Id.*, PageID.749, 759, 793-798. The parties agree that the ALJ erred in evaluating Dr. Duby's opinion. ECF No. 12; ECF No. 14.

But resisting plaintiff's request for a remand with an award of benefits, the Commissioner believes, "The matter should be remanded for [1)] further evaluation of Dr. Duby's opinion; 2) further evaluation of Plaintiff's

maximum residual capacity; 3) the taking of any further action needed to complete the administrative record and resolve the above issues; and 4) the issuance of a new decision." ECF No. 14, PageID.1623-1624. The problem for the Commissioner is that it already had a chance for a do-over on the application at issue.

In August 2021, the Honorable Terrence G. Berg granted the Commissioner's motion to remand, ordering the Appeals Council (AC) to remand the matter to a different ALJ "to obtain medical expert evidence, reconsider the claimant's residual capacity [and] obtain additional vocational evidence if warranted." ECF No. 6-1, PageID.840. The AC did as ordered and gave lengthy instructions to the new ALJ. *Id.*, PageID.845-846, 850-851. The new ALJ held a hearing that included Dr. Duby's testimony. *Id.*, PageID.790-798.

In her opinion, the ALJ said that the "sole support" Dr. Duby offered for his opinion was plaintiff's "well-documented pain" and that he failed to cite objective medical evidence. *Id.*, PageID.759. The ALJ also claimed that the only "objective indicators in [the] record" were "degenerative changes in imaging" and "occasional positive straight leg raise" testing. *Id.* But as plaintiff points out, when the ALJ asked Dr. Duby to specify objective findings in support of his opinion, the doctor pointed to myriad medical

3

records that included objective evidence of plaintiff's osteoarthritis well beyond the objective indicators the ALJ cited. ECF No. 12, PageID.1599-1600; ECF No. 6-1, PageID.790-791. Thus, as the parties agree, the ALJ's evaluation of Dr. Duby's opinion lacks the support of substantial evidence. *Trudell ex rel. Bushong v. Apfel*, 130 F. Supp. 2d 891, 895 (E.D. Mich. 2001) ("Substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must take into account whatever in the record fairly detracts from its weight.").

The parties also agree that the ALJ's error is reversible. Plaintiff notes that the vocational expert (VE) testified that a claimant with her functional limitations, as assessed by Dr. Duby, would be unable to perform any sedentary work.

> Dr. Duby opined that Ms. Ross's limitations, present since her alleged onset date of December 2015 through January 20, 2021, included: (1) missing more than four days of work a month; (2) being off-task 25% of the time; and (3) a limitation of sitting for one hour at a time for up to five hours a day; and standing for 30 minutes and walking for 20 minutes, each up to one hour a day. (PageID.795-96). The vocational witness testified that all of the jobs he identified would be eliminated if the individual: (1) missed four days a month; (2) was off-task more than 10% of the time; or (3) had a limited ability to sit for one hour at a time for up to five hours a day, and standing and walking were limited to 30 minutes and 20 minutes at a time, respectively, both for a total of one hour a day. (PageID.810-

4

> 12). The vocational witness was also unable to identify any other sedentary jobs. (PageID.813-14).

ECF No. 12, PageID.1606 n.13. The hypothetical that the VE testified was compatible with jobs in the national economy did not include the limitations Dr. Duby found. ECF No. 6-1, PageID.749, 809-810. And "for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010).

While concurring that the Court should remand this matter, the Commissioner asserts, "There remains an outstanding issue regarding the weight that Dr. Duby's opinion is entitled and under the regulations, it is the ALJ, not the Court, who is tasked with evaluation opinion evidence." ECF No. 14, PageID.1625. But the Commissioner proffers no argument that, under the regulations, the ALJ would have grounds to reject Dr. Duby's opinion. The Commissioner's failure to augment its argument that a genuine dispute remains about the severity of plaintiff's impairments is one reason why the Court finds below that remand for an award of benefits is warranted.

## C.

Ordinarily, when an ALJ has committed reversible error, remand for further consideration is favored over an award of benefits unless there is no conflicting evidence about the severity of the claimant's impairments. *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929, 934 (6th Cir. 2018); *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). But in *Donahue v. Massanari*, the court remanded the case for an award of benefits because "the Commissioner had two opportunities to deny Plaintiff benefits in a legal fashion-and still failed to do so." 166 F. Supp. 2d 1143, 1148 (E.D. Mich. 2001) (cleaned up); *see also Emmendorfer v. Comm'r of Soc. Sec.*, No. CV 20-10123, 2021 WL 850559, at *5 (E.D. Mich. Feb. 16, 2021), *adopted*, 2021 WL 843144 (E.D. Mich. Mar. 5, 2021) (same); *Yoder v. Comm'r of Soc. Sec.*, No. 10-14941, 2011 WL 6308313, at *7 (E.D. Mich. Dec. 16, 2011) ("Since the Commissioner has had two opportunities to deny Plaintiff's benefits in a legal fashion and Plaintiff has endured significant delay, remand for an award of benefits is warranted here.").

The *Donahue* court noted that the congressional policy behind a limitation on § 405(g) sentence six remands "was 'to speed up the judicial process so that these cases would not just go on and on and on.'" *Id*. (quoting *Melkonyan v. Sullivan*, 501 U.S. 89, 101 (1991) and Congressman

Pickle, 125 Cong. Rec. 23383 (1979)). Even though the remand before the court in *Donahue* was under sentence four § 405, the policy of speedy judicial processes informed the court's decision. *Id.* And *Donahue* described other opinions in which "courts have shown strong displeasure with repeated, albeit erroneous, denials of benefits by the Commissioner, particularly in light of the many levels of administrative review-initial consideration, reconsideration, hearing and Appeals Council-in which to remedy the errors." *Id*. at 1115-16 (citing *Sisco v. United States Department of Health and Hum. Services*, 10 F.3d 739, 746 (10th Cir. 1993); *Podedworny v. Harris*, 745 F.2d 210, 222 (3rd Cir. 1984); and *Wilder v. Apfel*, 153 F.3d 799 (7th Cir. 1998)).

The plaintiff in *Donahue* was approaching 59 years old, his application had been pending for seven years, the court had remanded the case for further consideration three years earlier, and the record has changed little since that initial remand. *Id.* at 1145, 1150. Because of those factors, the court remanded the case for an award of benefits. *Id.* at 1150. Mirroring *Donahue*, plaintiff is 52 years old, her application has been pending for seven years, Judge Berg remanded the case for further consideration three years ago, and the parties point to no new evidence in the record since the initial remand except for Dr. Duby's testimony.

7

The Commissioner argues that "the length of the proceedings cannot be the sole basis upon which a Court orders a reversal of the Commissioner's decision for payment of benefits." ECF No. 14, PageID.1624 n.1. It cites in support *Miller v. Comm'r of Soc. Sec.*, in which the court declined to remand for an award of benefits because "the record does not allow us to conclude that the claimant is affirmatively entitled to an award of benefits, despite the prolonged nature of these proceedings." 811 F.3d 825, 840 (6th Cir. 2016). The Court reads *Miller's* reference to "the record" as central to its decision to remand for further consideration. As noted, remand for an award of benefits is warranted when "there is no conflicting evidence about the severity of the claimant's impairments." *Earley*, 893 F.3d at 934.

The Commissioner does not explain why the record here requires remand for further consideration, and the Court declines to scour the record to find evidence about the severity of plaintiff's impairment that conflicts with Dr. Duby's testimony. *See Harris v. Saul*, No. 19-10848, 2020 WL 6389827, at *4 (E.D. Mich. June 2, 2020), *adopted*, 2020 WL 5761006 (E.D. Mich. Sept. 28, 2020) (finding that a plaintiff waived an argument when he "ask[ed] the Court to hunt for truffles that might be buried in his argument and in the record").

Finally, unlike in this case, there had been only one earlier remand order in *Miller*, and that remand order was from the AC. 811 F.3d. at 829-33. The repeated error here followed a judicial remand.

In sum, the prolonged nature of the proceedings along with the Commissioner's failure to cite evidence in the record that conflicts with Dr. Duby's testimony leads this Court to find that remand for an award of benefits is warranted.

### D.

The Court **GRANTS** plaintiffs' motion to remand this matter for an award of benefits under sentence four of 42 U.S.C. § 405(g) and **DENIES** the Commissioner's motion to remand for reconsideration. ECF No. 12; ECF No. 14.

Dated: July 2, 2024

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 2, 2024.

s/Donald Peruski
DONALD PERUSKI
Case Manager